**Zebulon L. STRICKLAND, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 74–2305.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 9, 1975.

Decided March 15, 1976.

---

Zebulon L. Strickland, Jr., pro se.

James E. Crowe, Jr., Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jonathan S. Cohen, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

This appeal involves a claimed deficiency in federal income taxes for the year 1966 in the amount of $380.99. The sole issue presented is whether, because of the retroactive nature of a disability determination made by the Veterans Administration, the appellant, Zebulon Strickland, was entitled to exclude from his taxable income certain payments made to him by the United States Army during the retroactive period. The Tax Court found that the IRS correctly determined that the payments received by the appellant from the Army during the period in question were taxable as retirement pay. We reverse.

The appellant, a resident of McLean, Virginia, retired from the Army as a colonel in October 1964. Shortly thereafter, he began to receive retirement pay in an amount commensurate with his rank and retirement status. He subsequently applied to the Veterans Administration for service-connected disability benefits and was awarded a 10% disability rating. This entitled him to payments of $30 per month, which were later raised to $32. In order to receive actual payment of this award, appellant was required to file VA Form 21–651, which he did on March 10, 1965. In so doing, he expressly waived that portion of his retirement pay "which [was] equal in amount to the compensation . . . which may be awarded by the Veterans Administration."

In March 1966, appellant filed a second claim with the VA requesting an increase in his disability compensation. On January 17, 1967, some ten months later, the Veterans Administration informed Strickland by letter that he was being "rated one hundred percent [disabled] from March 28, 1966," and was, therefore, "entitled to monthly disability compensation of $240 commencing March 28, 1966." The VA's letter went on to state, "We have forwarded VA Form 21–651 to the Retirement Division of the Army to waive $240 of your retirement pay. When we receive VA Form 21–651 from the Department of the Army, we will increase your monthly compensation benefits." This form was returned to the VA by the Army on February 1, 1967, and, thereafter, appellant's retirement pay from the Army was reduced accordingly, and it would follow that his disability pay from the Veterans Administration increased.

On his individual tax return for the year 1966, Strickland excluded from his gross income the increased amount of disability benefits which the VA had determined he was entitled to for 1966 ($208 per month for the nine month period April through December). IRS took the position, however,

that, since this amount was not paid Strickland by the VA as disability benefits, but was instead paid to him as retirement pay, such amounts were not exempt from gross income. It therefore issued a notice of deficiency in income taxes for the year 1966.

26 U.S.C. § 61(a) of the Internal Revenue Code of 1954 provides that gross income includes all income from whatever source derived. More specifically, under § 61(a), pensions, retirement pay and retirement allowances are considered as income to the recipient unless excluded by law. See also 26 CFR §§ 1.61–2(a)(1); 1.61–11(a). 26 U.S.C. § 104(a)(4) provides such an exclusion from income for "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces . . ."

In our case, since Strickland's retirement pay from the Army was based on length of service and not any disability, it had been properly included as income under § 61(a). Nonetheless, Strickland was, in fact, eligible for benefits from the VA for disabilities resulting from service-connected sickness and injury. In addition to the exclusion provided such payments by § 104(a)(4), such amounts are made specifically exempt from taxation by 38 U.S.C. § 3101(a) which provides that "[p]ayments of benefits due or to become due under any law administered by the Veterans' Administration . . . shall be exempt from taxation . . . ." It is conceded the Veterans Administration administers the disability benefits. The right to receive such payments, however, as distinguished from their award, for one receiving retirement pay, is conditioned upon the filing of VA Form 21–651 waiving so much of any retirement pay as is equal to any disability compensation. 38 U.S.C. § 3105. This is apparently required so as to prevent payment of double benefits to any single individual.

Strickland asserts that the waiver which he filed in March 1965 was, by its terms, effective relative to the increased disability payments to which he was deemed entitled as of March 28, 1966. As such, he contends that he fully complied with the requirements of 38 U.S.C. § 3105 and therefore properly excluded that portion of his retirement pay equal to those disability benefits which VA had awarded him. IRS contends, however, that both 38 U.S.C. § 3105 and the administrative practice of the VA require a new waiver of retirement pay to be filed in order to receive any increased disability benefits.

■ The Tax Court, relying primarily upon its earlier decision in *Fred K. Cleary,* 60 T.C. 133 (1973), agreed with the position taken by the Internal Revenue Service. We are of opinion, however, that *Cleary* is not dispositive of the case before us. In *Cleary,* the taxpayer was advised that if a portion of his retirement pay were waived, disability compensation would be forthcoming as of "the effective date of the waiver." No such waiver was filed until January 20, 1970. As such, the court found that no portion of those amounts received as retirement pay prior to the date of the waiver was excludable from income.[1]

1. We note the Tax Court in *Cleary* may have stated an alternate ground for its ruling by putting emphasis on which government agency wrote the check to the veteran. It reasons that the monies there in dispute were not received as disability benefits but as retirement pay and, therefore, should be treated as such for tax purposes. We are of opinion, however, that § 3010, when read in light of those sections exempting disability payments from taxation, contemplates a different result, at least under the facts before us. Section 3010 clearly contemplates retroactive disability awards, and we perceive no basis for treating such awards differently for tax purposes than present or prospective awards. We see nothing to indicate Congress did not intend that retroactive disability benefits be non-taxable as are those made presently or prospectively at least when the required waiver was previously filed. The fact that the actual receipt of such monies may have been in the form of retirement pay should not mitigate against this policy where the taxpayer has filed the necessary waiver form and is subsequently found to be entitled to retroactive disability payments. It is the VA's determination of entitlement which should control and not the mere form in which the monies are received.

Here, unlike *Cleary,* Strickland had previously filed an appropriate waiver on March 10, 1965, almost nine months prior to the beginning of 1966, the tax year here in dispute. The IRS, in support of its assertion that a second waiver was nevertheless required to cover the increased disability payments, points out that 38 U.S.C. § 3010(a) which governs the effective date of awards of disability compensation, recognizes that an "original claim" of compensation is separate and distinct from a "claim for increase of compensation." Thus, it is contended that since each such claim gives rise to a separate award, 38 U.S.C. § 3105 must be read as requiring a separate waiver in each case. The position of the IRS has arguable merit and we do not dismiss it lightly. It overlooks, however, the fact that the same section upon which IRS relies, § 3010(a), by its express terms, permits the "effective date" of an award of increased disability compensation to be found "not . . . earlier than the date of receipt of application." Thus, the statute conditions the effective date of any such award upon receipt of the application and not upon waiver of retirement or other service-connected income and by its terms contemplates retroactive effectiveness. Moreover, an examination of the record reveals that the Veterans Administration required Strickland to file but one waiver, that being on March 10, 1965, and did not condition any increase in disability compensation upon the filing of a second such waiver.

As the Tax Court itself pointed out, VA Form 21–651 is a three-part document. Part I constitutes a prospective waiver by the retired veteran applying for disability benefits. Part II is for record-keeping purposes and is designed to allow the VA to note its subsequent determination as to compensable disability. Part III provides for acknowledgment of receipt of the waiver as well as the VA's determination as to disability by the retirement division of the appropriate branch of service. Upon return of the form from the service involved, the VA is notified that the proper reduction in retirement pay has been made.

The Form 21–651 which the VA forwarded to the Department of the Army in January 1967 was additionally completed at that time only in terms of Part II, which was filled out by the Veterans Administration. Strickland had no part in that. The waiver provision contained in Part I was completed by Strickland and was the only waiver which he filed, almost two years before. Yet, despite the absence of any second waiver by Strickland, which the IRS contends was required, the Veterans Administration determined that Strickland was entitled to receive increased disability payments as of March 26, 1966, and took all necessary administrative action to see that the Army adjusted its records accordingly. All of this was done by the VA without requiring any act by Strickland. Thus, for purposes of 38 U.S.C. § 3105, the Veterans Administration considered the original waiver filed on March 10, 1965 to be applicable to the subsequent increase in benefits.

Given the fact that only one waiver of retirement income was ever filed by Strickland, that being on March 10, 1965, and that that waiver was deemed sufficient to satisfy 38 U.S.C. § 3105 by the Veterans Administration, the agency charged with administering the disability program, we are of opinion that Strickland was entitled to treat as disability income the additional $208 of his monthly income for the period commencing with April and ending with December 1966, despite the fact it may have technically been paid to him by the Department of the Army. Strickland, having complied with the statutory requirements for increased disability benefits and having been deemed entitled to such benefits as of March 28, 1966, cannot be charged with the eleven month delay. He had done all he could do and all the Veterans Administration required him to do.

We are thus of opinion that the IRS erroneously determined that the disputed payments received by Strickland from the Department of the Army were taxable.

The judgment of the Tax Court is accordingly

REVERSED.