**Paul and Alice J. SIDORAN,**
**Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 79–7255.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 6, 1981.

Decided Feb. 19, 1981.

Robert M. Lantz, Jr., Seattle, Wash., on brief, for petitioners-appellants.

Gilbert E. Andrews, Washington, D.C., on brief, for respondent-appellee.

Before WRIGHT, NELSON, and NORRIS, Circuit Judges.

NORRIS, Circuit Judge.

Appellants, Paul and Alice Sidoran, appeal from a decision of the Tax Court finding deficiencies in income tax due in the taxable years 1974 and 1975.

The sole issue is whether appellants are entitled to exclude Paul Sidoran's Air Force retirement pay from income as "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country."[1] The tax court found that his retirement was based not on disability, but on length of service, pursuant to 10 U.S.C. § 8911, and denied the exclusion.[2] The taxpayer contends that he was not eligible to retire for length of service under § 8911, having served only 19 years and 9 months of the required twenty years. In addition, he argues that he was disabled at the time of retirement, as evidenced by a disability rating of forty percent given him by the Veterans Administration upon retirement. We find these arguments unavailing and affirm the tax court's decision.

■ Even assuming *arguendo* that appellant is correct that he had served only 19 years and 9 months of active service,[3] there is ample evidence to support the tax court's finding that he was retired for length of service and not disability. Both the report of discharge and the final retirement order list his retirement as based on length of service. An examination of Sidoran shortly before retirement by the Medical Evaluation Board found no medical defects that would disqualify him for active duty. The Chief of Physician Standards of the Air Force, after reviewing Sidoran's medical records, including his retirement physical examination, reached a similar conclusion. On appeal, the Air Force Board for Correction of Military Records declined to disturb these findings.

1. 26 U.S.C. § 104 provides:

(a) *In General.*—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc. expenses) for any prior taxable year, gross income does not include—

\* \* \* \* \* \*

(4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country \* \* \*.

2. 10 U.S.C. § 8911 provides:

The Secretary of the Air Force may, upon the officer's request, retire a regular or reserve commissioned officer of the Air Force who has at least 20 years of service computed under section 8926 of this title, at least 10 years of which have been active service as a commissioned officer.

3. While conceding that a discrepancy existed between Sidoran's final retirement records that listed twenty-three years of active service and earlier military records, the tax court concluded that there was "no evidence on the record which either supports petitioner's contention or from which we could independently calculate his total active service."

The Air Force has been given broad discretion to determine whether its servicemen are fit for active duty. Its determination will be upheld on review unless the challenging party can affirmatively establish that the determination was arbitrary, capricious, or not supported by substantial evidence. *See Finn v. United States*, 548 F.2d 340 (Ct.Cl.1977). In challenging the Air Force's determination as arbitrary, the appellant relies solely on the Veterans Administration's finding that he was forty percent disabled.

The Veterans Administration's disability benefits program is intended to compensate a veteran for impairment resulting from service-connected injuries. *See Rieth v. United States*, 462 F.2d 530, 535 (Ct.Cl.1972). By contrast, to qualify for disability retirement, the claimant's injuries must render him unfit for active service. Thus, disability retirement standards differ from the Veterans Administration's service-connected disability compensation criteria, *see Lambert v. Commissioner*, 49 T.C. 57 (1967); *Cleary v. Commissioner*, 60 T.C. 133 (1973), and a Veterans Administration disability rating of forty percent is not determinative of the issue of whether the serviceman was qualified for disability retirement. *See Finn v. United States, supra; Lambert v. Commissioner, supra.* Accordingly, we cannot say that the Air Force's determination that Sidoran had not qualified for disability retirement was arbitrary.

Appellant's final argument is that even if his retirement is considered to be for length of service and not disability, he is entitled, under *Strickland v. C. I. R.*, 540 F.2d 1196 (4th Cir. 1976), to exclude that portion of his retirement pay which is equal in amount to the compensation awarded him by the Veterans Administration under its disability compensation program. In *Strickland*, a taxpayer retired for length of service was subsequently awarded a retroactive service-connected disability rating from the Veterans Administration. The Fourth Circuit held that the taxpayer was entitled to exclude that portion of the retirement pay received during the retroactive period equal to the amount attributable to the Veterans Administration disability rating. In *Strickland*, however, the taxpayer elected to waive the portion of his military retirement pay equal to any disability benefits awarded him by the Veterans Administration. In this case, the taxpayer stipulated, and the tax court found that Sidoran had waived his right to receive Veterans Administration disability compensation in favor of receiving his full military retirement annuity. The tax court thus properly held that no part of his retirement pay was excludable from his gross income. *See Parks v. Commissioner*, 38 T.C.M. 759 (1979).

AFFIRMED.