ALBERT H. BLACK and LOIS R. BLACK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Black v. Commissioner
Docket No. 11220-77.
United States Tax Court
T.C. Memo 1981-474; 1981 Tax Ct. Memo LEXIS 270; 42 T.C.M. (CCH) 933; T.C.M. (RIA) 81474; August 31, 1981. Albert H. Black, pro se. James D. Vandever, for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' *272 Federal income tax for the taxable year 1974 in the amount of $ 1,115.62. Concessions having been made by petitioners, the only issue for decision by the Court is whether that portion of petitioner-husband's disability retired pay from the Marine Corps that is not excludable under section 104(a)(4) [1] of the Internal Revenue Code may be excluded as sick pay under section 105(d). Here the petitioner-husband worked as a civilian employee of the Marine Corps after his retirement from the military service. Respondent agrees that, under the law in effect in 1974, petitioner would be entitled to the exclusion if he were self-employed or employed by an employer other than the United States Government, but says that a different result is required since petitioner went to work for the United States Government. The facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of filing the petition in this case, petitioners *273 maintained their legal residence in Anaheim, California. Petitioners are husband and wife and timely filed their joint Federal income tax return for the taxable year ending December 31, 1974. Lois R. Black is a party solely by virtue of having filed a joint return with her husband, and Albert H. Black will hereinafter be referred to as petitioner. Prior to 1970, petitioner was on active duty as a Master Gunnery Sergeant with the United States Marine Corps. In July of 1970, the Secretary of the Navy determined that petitioner was physically unfit to perform the duties of his grade and retired him by reason of permanent physical disability pursuant to section 1201 of Title 10, United States Code. At that time petitioner had active duty service of 22 years, six months, and 26 days. His disability was rated at 30 percent in accordance with the standard schedule for rating disabilities in current use by the Veterans Administration VA Codes. His disability directly resulted from combat action and involved a shoulder injury received on active duty in Korea and further aggravated by active duty in Vietnam. Petitioner was released from active duty at Henderson Hall, Arlington, Virginia *274 on July 31, 1970, and placed on the permanent retired list effective August 1, 1970. In the latter part of 1970, petitioner was employed by the Marine Corps in a civilian position as a court reporter-supervisor at the Marine Corps Air Station in El Toro, California. He was so employed as a civilian employee throughout 1974, the year involved here. From that civilian job he received compensation of $ 13,446.52 in 1974. During that year he also received disability retired pay from the Marine Corps, a portion of which was excludable from gross income under section 104(a)(4) and a portion of which was not excludable. On his tax return for 1974 petitioner excluded from his gross income an amount of $ 3,844.08 as sick pay under section 105(d). Respondent disallowed the sick pay exclusion. Section 104(a)(4) of the Internal Revenue Code[2] excludes from gross income "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces…." A portion of the disability retired pay petitioner received from the Marine Corps was excludable under this provision, has been properly excluded, *275 and is not involved in this case. What is involved here is the remaining $ 3,844.08 of his retired pay, the portion that is not excludable under section 104(a)(4)[3] and that is taxable unless it can be excluded under another provision of the Internal Revenue Code. Petitioner says that it is excludable under section 105(d) governing sick pay exclusions under certain wage continuation plans. [4]
*276 Section 105(d), as it read in 1974, provided that payments under certain wage continuation plans were excludable from gross income "if such amounts constitute wages of payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness." [5] Under the sick pay provision applicable to this case, it was well established that retired pay received by a military person retired for physical disability under section 1201 of Title 10, United States Code, as petitioner was here, was received under such a wage continuation plan. It was also well established that a military person retired for physical disability was deemed "absent from work on account of personal injuries or sickness" up until the time of mandatory retirement age. Freeman v. United States, 265 F. 2d 66 (9th Cir. 1959); Neill v. Commissioner, 17 T.C. 1015 (1951); Secs. 1.104-1(e)(1) and 1.105-4(a)(3)(i)(a), Income Tax Regs.; Rev. Rul. 58-43, 1958-1 C.B. 45. [6]
*277 So long as the disabled military person had in fact been retired for disability from the armed services and had not yet reached mandatory retirement age, the person was entitled to the benefits of the sick pay exclusion even though he was actually in a civilian job. Rev. Rul. 58-43, supra; Rev. Rul. 57-178, 1957-1 C.B. 71. This was because a military person could be found to be "unfit to perform the duties of his office, grade, rank or rating because of physical disability" within the terms of section 1201 of Title 10, as petitioner was, but still be physically qualified to perform the duties of a civilian job. In order words, the standard for disability for military service was different from that for civilian employment. Sidoran v. Commissioner, 640 F. 2d 231 (9th Cir. 1981), affirming a memorandum decision of this Court; Williams v. United States, 186 Ct. Cl. 611, 614, 405 F. 2d 890, 891 (1969), cert. den. 396 U.S. 966 (1969); Cleary v. Commissioner, 60 T.C. 133 (1973); Lambert v. Commissioner, 49 T.C. 57 (1967). Respondent says that the rule is different for petitioner, *278 however, because his civilian job was with the United States Governfment. Respondent has not cited and the Court has not found any case on this point. Respondent agrees that petitioner would be entitled to the sick pay exclusion as to the remaining portion of his military retired pay if he had gone into business for himself or had gone to work for a private court reporting company. Respondent states that "while it may appear somewhat anomalous that re-employment with the Government would defeat the sick pay exclusion, it is an anomaly dictated by the express terms of the Code." Respondent argues that since petitioner was re-employed by the United States Government, he was no longer "absent from work" within the meaning of section 105(d) and the pertinent regulations. We do not agree that that result is necessarily dictated by the express terms of the Code provision, as respondent blithely asserts. Nevertheless, we are reluctantly compelled to reach the same result, because respondent's interpretation of the term "absent from work" has been embodied in the pertinent regulation since 1956, and we cannot find that the regulations are invalid. Section 1.105-4(a)(5), Income Tax Regs. *279 , at all times pertinent to this case, provided as follows: (5) For the purpose of section 105(d), whether an employee is absent from work depends upon all the circumstances. For example, an employee, who is a farm hand and who lives upon the premises of his employer, is absent from work when he is unable to work even though he remains on the premises of his employer. A member of the Armed Forces, who on a particular day has no assigned duties but to stand ready for duty, is absent from work if he is unable to answer any duty call that may be made upon him. An employee is not absent from work when he performs any services for his employer at his usual place or places of employment, whether or not the services are the usual services performed by the employee. Furthermore, the employee is not absent from work when he performs substantial services for his employer, even though they are performed at a place other than his usual place of employment. Thus, if an employee returns to his usual place or places of employment and performs any services for his employer, he has returned to work, but if he merely holds occasional short conferences concerning his work with other employees *280 or clients while hospitalized or at home recuperating, such conferences do not constitute a return to work. (Underscoring added.) The first underscored sentence above specifically covers a member of the Armed Forces and, at first glance, may appear to cover petitioner's case. However, since a military person retired for permanent disability, such as petitioner, is not expected to answer any duty call made upon him, that sentence must refer to individuals on active military duty. The pertinent language for our purposes is in the next two sentences. Those provisions state that an employee is not "absent from work," if he performs (1) any services for his employer at his usual place or places of employment or (2) substantial services for his employer even though performed at a place other than his usual place of employment. Unless it can be said that the United States Government is not the same employer when an employee is in the military service as when he is in the Federal civil service, that language covers petitioner's situation. We cannot draw such a distinction. As between military personnel and civilian employees of the United States, there are differences in salary, conditions *281 of employment, and other rights and obligations, including in some instances the applicable system of justice. See Parker v. Levy, 417 U.S. 733 (1974); Arnett v. Kennedy, 416 U.S. 134 (1974); and Tanner v. United States, 129 Ct. Cl. 792 (1954), cert. den. 350 U.S. 842 (1955). These differences depend upon the multitude of statutes and regulations governing those matters. Despite such differences, there is nonetheless an employer-employee relationship between the United States and its military personnel and between the United States and its Federal civilian employees. The regulation involved here does not draw any distinctions between the United States as an employer and any other employer or between the United States as an employer of military persons and of civilian persons. We cannot say that the regulation is unreasonable or plainly inconsistent with the statutory language of former section 105(d). We therefore must follow this long-standing administrative interpretation. United States v. Correll, 389 U.S. 299, 307 (1967). While it may appear to be unfair to petitioner to treat him differently *282 because he was re-employed by the United States Government rather than by a private employer, petitioner is being treated exactly the same as other retired military persons in his situation have been treated over the years. As early as 1958, respondent issued a revenue ruling stating that military persons retired for physical disability would no longer be deemed "absent from workc for purposes of the sick pay exclusion when they were re-employed by the United States in a civilian job. Rev. Rul. 58-599, 1958-2 C.B. 45. We can find no basis for a different result in petitioner's case. We conclude that petitioner is not entitled to a sick pay exclusion under section 105(d). Decision will be entered for respondent. Footnotes
1. Unless otherwise expressly indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year here involved.↩
2. SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS. (a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include-- (4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service, or as a disability annuity payable under the provisions of section 831 of the Foreign Service Act of 1946, as amended (22 U.S.C. 1081↩; 60 Stat. 1021). 3. That portion is not excludable under section 104(a)(4) because of the operation of section 1403 of Title 10, United States Code. See 10 U.S.C. §§ 1201, 1401, 1403 (1970). Since petitioner was retired for disability under section 1201, his "retired pay" was computed under section 1401 of Title 10. That meant that his pay was computed under the pay formula most favorable to him: (1) monthly basic pay times 2 1/2 percent times years of service or (2) monthly basic pay times percentage of disability. 10 U.S.C. § 1401 (1970). The years-of-service method of computation gave petitioner 57.5 percent of basic pay (.025 X 23 years not to exceed 75 percent) rather than the 30 percent of basic pay he would have received under the percentage-of-disability method. Then, as provided by section 1403 of Title 10, he would be taxable on the excess, the difference between the 30 percent and the 57.5 percent. In other words, the excess, here the $ 3,844.08, would not be excludable under section 104(a)(4) of the Internal Revenue Code↩. 4. The present case could not arise under the latest version of section 105(d). Effective for years beginning after December 31, 1976, the sick pay exclusion as such has been abolished and a more restrictive disability income exclusion has been substituted. (Section 505(a) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520; section 301(a) of Pub. L. 95-30, 91 Stat. 126.) The disability income exclusion applies when the employee is "absent from work on account of permanent and total disability," and permanent and total disability is statutorily defined as meaning "unable to engage in any substantial gainful activity." Pearson v. Commissioner, 76 T.C. 701↩ (1981).
5. SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. (a) Amounts Attributable to Employer Contributions.--Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer. (d) Wage Continuation Plans↩.--Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $ 100. * * *. 6. See also Cryder v. Commissioner, T.C. Memo. 1977-103↩.