PAUL AND ALICE J. SIDORAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Sidoran v. Commissioner
Docket No. 2288-80.
United States Tax Court
T.C. Memo 1982-197; 1982 Tax Ct. Memo LEXIS 547; 43 T.C.M. (CCH) 1067; T.C.M. (RIA) 82197; April 14, 1982. *547 Collateral estoppel bars petitioner's claim that part of the retirement payments he received from the Air Force in 1978 constituted disability payments excludable from gross income under sec. 104(a)(4), I.R.C. 1954. See Sidoran v. Commissioner,T.C. Memo. 1979-56, affd. 640 F.2d 231 (9th Cir. 1981). Paul Sidoran, pro se. Michael R. McMahon, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent *548 determined a deficiency in the amount of $ 1,971 in petitioners' 1978 Federal income tax. The only issue for decision is whether petitioners are entitled to exclude from gross income amounts received as military retirement payments pursuant to section 104(a)(4). [1] Resolution of this issue on its merits depends upon whether petitioners are barred by the doctrine of collateral estoppel. FACTS Petitioners Paul Sidoran and Alice J. Sidoran, husband and wife, resided in Tacoma, Wash., at the time of filing the petition herein. They filed a joint Federal income tax return for the taxable year 1978 with the Internal Revenue Service, Ogden, Utah. Petitioner Alice J. Sidoran is a party herein solely by having filed a joint return with Paul Sidoran (hereinafter petitioner). Substantially all of the facts relevant to the issue herein are the same as those involved in docket No. 5912-77, which was reported in Sidoran v. Commissioner,T.C. Memo. 1979-56. That decision was affirmed on appeal and reported at 640 F.2d 231 (9th Cir. 1981). *549 To facilitate our discussion in the present case, the principal facts of the prior proceeding will be repeated. On December 15, 1970, petitioner was released from active duty with the United States Air Force at the rank of captain. His discharge report indicated that he had joined the Air Force on September 28, 1959, and that as of December 15, 1970, he had accrued 17 years, 6 months and 20 days of active duty. [2] Petitioner was placed in the reserves and given the option of returning to active duty at the rank of sergeant by reenlisting. Subsequently, on February 1, 1971, petitioner reenlisted. It was petitioner's hope to remain on active duty long enough to qualify for retirement for length of service pursuant to 10 U.S.C. sec. 8911 (1956). [3]
*550 Petitioner underwent a retirement physical examination on August 1, 1972. The medical report of that examination indicated that petitioner was qualified for "RETIREMENT TYPE I/world wide duty." On the front page of the report was stamped the following: Surgeon General, USAF, Washington, D.C., November 14, 1972, Approved for Retirement However, superimposed over this stamp was a "void" stamp. An additional physical exam was conducted on November 28, 1972. The medical report of that examination made no reference to petitioner's qualification for continued active service or retirement. As a result of the examination and petitioner's generally poor health, he was ordered to a hospital on December 11, 1972 for further examination. Petitioner was released from the hospital on January 24, 1973. Following his release, petitioner returned to duty. However, he developed a reading problem and was ordered by a doctor at the base medical clinic to start wearing bifocals. The bifocals petitioner wore were not properly adjusted for his vision, and caused him to become nervous and agitated. On February 5, 1973, petitioner went back into the hospital, and was released on February 14, 1973. *551 On February 20, 1973, petitioner was approved for retirement based on his medical examination reports. At petitioner's request, this approval was effective through August 1973, since petitioner believed that he had to remain on active duty until at least July 1, 1973, to qualify for retirement under 10 U.S.C. sec. 8911 (1956). Petitioner received the following explanation of his retirement status in a letter dated February 23, 1973, from the Chief of Physical Standards, Office of the Surgeon, Department of the Air Force: Receipt of your February 7, 1973, letter is acknowledged. Your retirement physical examination and Medical Board report have been reviewed. The Surgeon, Air Force Military Personnel Center, concurs with the Medical Board and has approved the examination for length of service retirement. Although there is no question concerning the existence of your defects, they are not of such a nature as to permit a finding of disqualification for duty at this time. The examination does not reveal deficiencies which would warrant further evaluation. Processing a case for disability retirement requires the existence of physical defects of sufficient *552 degree to preclude satisfactory performance of duty of one's office and grade in such a manner as to reasonably fulfill the purpose of his employment on active duty. This requirement is established by DOD Directive 1332.18 and AFM 35-4. These directives implement the public law (USC 10, Chapter 61) pertaining to disability retirement/separation. The intent of this law is to remove from active duty those who are physically unable to continue their term of service or service career and to provide benefits only to those whose service was in fact terminated because of physical unfitness. Your service is being terminated by reason of voluntary service retirement. The Armed Forces cannot use this law to bestow tax benefits on those who have continued to draw pay and allowances, received promotions, and remain on active duty to attain desired or maximal longevity benefits while tolerating physical problems that have not actually interfered with the purpose of their employment on active duty. Petitioner was discharged from active duty with the United States Air Force on March 31, 1973, with retirement effective as of April 1, 1973. His discharge report and retirement order indicated *553 that at the date of his retirement petitioner had accrued 23 years and 23 days of active duty service, and the former indicated that his retirement was for length of service pursuant to 10 U.S.C. sec. 8911 (1956). Petitioner objected to the Air Force's characterization of his retirement for length of service because he claimed that he had not been on active duty for 20 years. On September 13, 1973, petitioner appealed to the Air Force Board for the Correction of Military Records to have his discharge papers reflect his active duty service as being less than 20 years. This appeal was denied. On August 22, 1973, the Veterans Administration gave petitioner a 40 percent disability rating, entitling him to a monthly payment of $ 106. This payment, however, was to be made only if petitioner elected not to receive a like amount of his military retirement pay. Petitioner had not elected to receive the Veterans Administration compensation as of the taxable year in issue. During the taxable year 1978 petitioner received $ 13,946.62 from the Air Force as retirement pay. On his return for that year he claimed an exclusion for 40 percent of that amount, or $ *554 5,578.65. The following explanation for that exclusion was indicated on his return: I was retired from active military service after serving 19 years, 7 months and 19 days effective April 1, 1973. My disability is diagnosed as CHRONIC PULMONARY DISEASE AND RECURRENT PLUROSPASAMS and LOSS OF HEARING. Respondent disallowed the claimed exclusion in its entirety. OPINION The issue is whether a portion of the retirement payments received during the taxable year 1978 constituted disability payments excludable under section 104(a)(4). [4]
In Sidoran v. Commissioner,supra, the issue involved was the same as in the present case, with the exception of the years involved, to wit, whether the retirement payments *555 received by petitioner in 1974 and 1975 constituted disability retirement payments excludable from gross income pursuant to section 104(a)(4). In that case we found that petitioner had failed to prove both that the income he received was for a disability incurred due to his active service in the Air Force and that he had served less than 20 years of active duty. In the present case, petitioner claims that he had served less than 20 years of active duty in the Air Force and that a portion of the payments received during 1978 constituted disability retirement payments pursuant to section 104(a)(4). Respondent claims that because of our decision in the prior proceeding petitioner is collaterally estopped from claiming that a portion of the retirement payments received constituted disability payments pursuant to section 104(a)(4). We agree with respondent. The defense of collateral estoppel in a Federl tax case is limited to "situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." Commissioner v. Sunnen,333 U.S. 591, 599-560 (1948); *556 see Dean v. Commissioner,56 T.C. 895, 898 (1971). The parties are in agreement that the ultimate issue raised in the present case is identical to that decided in the first proceeding, namely, whether the retirement payments in question were received for length of service or as disability payments. Furthermore, it is not contended that the applicable legal rules have changed. The dispute over the applicability of collateral estoppel is whether the controlling facts have remained unchanged. Petitioner claims that he now has certain documents which have been submitted into evidence and which he did not have at the prior proceeding. He argues that in the prior proceeding nearly all of the facts were stipulated and that the stipulation of facts was unexplained and consequently misconstrued by the Court. He asserts that the new documents along with his testimony proves that the Air Force incorrectly retired him based on length of service and that a portion of the retirement payments received constituted disability payments. On the contrary, respondent claims that all the essential facts relative to a determination of the issue herein were present in the prior proceeding, *557 and remain unchanged in the present case. If the evidence submitted by petitioner in this case was not available to him in the prior proceeding and would tend to alter the controlling facts as they were found in that proceeding, the doctrine of collateral estoppel is not applicable because the controlling facts have changed. Dean v. Commissioner,supra; see also Milberg v. Commissioner,54 T.C. 1562 (1970). Because the doctrine of collateral estoppel is an affirmative defense, the burden of proof on this issue is on respondent. Dean v. Commissioner,supra at 899; Rule 142(a), Tax Court Rules of Practice and Procedure.
Evidence is considered "available" at the prior proceeding if by the exercise of due diligence it could have been produced. Dean v. Commissioner,supra at 900; Fairmont Aluminum Co. v. Commissioner,22 T.C. 1377, 1383 (1954), affd. 222 F.2d 622 (4th Cir. 1955). While in the present case, no evidence was submitted to show that the documents herein were available for the prior trial, we have no reason to believe they were not available. However, we need *558 not and do not base our conclusion on the availability of the "new" evidence in the prior proceeding. It is our view that the documents presented by petitioner do not tend to alter the controlling facts as they were found in the prior proceeding. The documents submitted into evidence, which were not so submitted in the prior proceeding, consist of the following: 1. Order requiring petitioner to report to the hospital following his physical examination on November 28, 1972; 2. Order requiring petitioner to report to the hospital on February 5, 1973; 3. Medical Board Report approving retirement for physical reasons effective through August 1973; 4. Message from the Deputy Commander of Personnel at McChord Air Force Base indicating that petitioner was retiring with 23 years and 23 days of active service; 5. Retirement Order indicating that petitioner was retired pursuant to 10 U.S.C. 8911 and that he had accrued 23 years and 23 days of active service; 6. Application for Correction of Military Records; 7. A letter dated February 21, 1978, from the Veterans Administration indicating that petitioner had a 40 percent disability rating. 8. The *559 Retirement Order of an individual unrelated to the present (or prior) proceeding. This was submitted into evidence by petitioner to show how disability retirement orders are processed by the Air Force. Although the above documents were not presented into evidence in the prior proceeding, our review of that case indicates that at least substantial portions of the information contained in such documents were entered into evidence and constituted a portion of the Findings of Fact in that case. Petitioner's position is, in effect, that many of the facts in the prior proceeding were stipulated to without any explanation on his part, and he now wants a second chance to more fully explain his position by presenting "the entire package and not just a part of a package" in the hope of convincing the Court to find in his favor. It is for this very purpose, however, that the doctrine of collateral estoppel was developed. As stated by the Supreme Court in Commissioner v. Sunnen,supra at 599, "That principle [collateral estoppel] is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, *560 factually and legally." And as we stated in Dean v. Commissioner,supra at 902, "It is a principle designed to maintain the integrity of the courtroom as a place where certainty in disputed matters may once and for all be established." In view of the foregoing, we find that collateral estoppel is a bar in the present proceeding to petitioner's claim that a portion of the retirement payments received in 1978 constituted disability payments. We therefore hold for respondent. [5]
Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year 1975.↩
2. The report indicated that total service time was 20 years, 10 months and 22 days.↩
3. Section 8911↩. Twenty years or more--Regular or reserve commissioned officers.--The Secretary of the Air Force may upon the officer's request, retire a regular or reserve commissioned officer of the Air Force who has at least 20 years of service computed under section 8926 of this title, at least 10 years of which have been active service as a commissioned officer.
4. Sec. 104(a)(4) excludes from gross income: (4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service, or as a disability annuity payable under the provisions of section 831 of the Foreign Service Act of 1946, as amended (22 U.S.C. 1081↩; 60 Stat. 1021).
5. We note that even had we found the defense of collateral estoppel to be inapplicable, our holding would not have changed. The same infirmities of evidence that existed in the prior case are present here. See Sidoran v. Commissioner,T.C.Memo. 1979-56, affd 640 F.2d 231 (9th Cir. 1981). Since the burden of proof on the issue herein is on petitioner, Rule 142(a), Tax Court Rules of Practice and Procedure↩, and since he failed to meet that burden, we would be constrained to hold for respondent on the merits of the issue presented.