DONALD B. PEARSON AND MAXINE A. PEARSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12247–79. Filed May 5, 1981.

Donald B. Pearson, pro se.
*Daniel P. Ramthun*, for the respondent.

OPINION

SCOTT, *Judge*: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1977 in the amount of $1,623. The only issue for decision is whether petitioners are entitled to a disability income tax exclusion for the calendar year 1977 under the provisions of section 105(d), I.R.C. 1954,[1] as applicable to years beginning after December 31, 1976.

All of the facts have been stipulated and are found accordingly.

Petitioners, husband and wife, who resided in Houston, Tex., at the time of the filing of the petition in this case, filed a joint

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue, unless otherwise stated.

Federal income tax return for the calendar year 1977 with the Internal Revenue Service Center in Austin, Tex.

Donald B. Pearson (petitioner) retired from the U.S. Air Force on May 1, 1970. Since retiring, petitioner has received 10-percent disability pay from the Air Force. In 1977, petitioner received from the Air Force gross retirement pay in the amount of $13,653.96. Of this amount, petitioner's W-2P Form for 1977 shows that he received a taxable amount of $10,886.84 from which Federal income tax was withheld in the amount of $1,152.39.[2]

Petitioner reported income from retirement pay in the amount of $10,886.84 on his Federal income tax return for the calendar year 1977. In 1977, petitioner was employed by Kensinger Sound Studios, Inc., and received wages from that employment in the amount of $18,687.48 from which Federal income tax of $2,493.92 was withheld. Petitioner also reported as taxable income on his Federal income tax return for the calendar year 1977 the entire $18,687.48 which he received as wages from Kensinger Sound Studios, Inc. In addition, petitioner reported on his 1977 Federal income tax return interest income of $1,191.24 making total reported income of $30,765.59.

Petitioner was not permanently and totally disabled on May 1, 1970, the date of his retirement, or on January 1, 1976, or on January 1, 1977. Petitioner, on his Federal income tax return, claimed a "Disability income exclusion (sick pay) (attach Form 2440)" of $5,220. A copy of petitioner's retirement order dated March 11, 1970, was attached to his 1977 Federal income tax return. This order showed that petitioner was retired "per 10 U.S.C. 1201." Also attached to this return was a statement which read as follows:

Pursuant to the provisions of Revenue Rulings 58–43 and 59–26, I claim the "Sick Pay Exclusion" provided for therein for the period 1 January 1977 to 31 December 1977 at the rate of $100 per week, on that portion of my military retired pay subject to income tax. I certify that I was retired from the United States Air Force for physical disability on 30 April 1970. A copy of retirement

---

[2]During the course of opening statements at the trial, petitioner stated that he also received a payment from the Veterans' Administration. However, any amount petitioner might have received from the Veterans' Administration is not in issue in this case, and our findings with respect to petitioner's gross retirement pay and the taxable amount of such pay are exactly as stipulated by the parties.

orders is attached. At that time I had completed 22 years of service as follows. 14 August 1947 to 30 April 1970. The date of my birth is 18 July 1929.

Respondent in his notice of deficiency disallowed the claimed exclusion of $5,220 with a statement that it was disallowed—

because you did not submit form 2440. Enclosed is a form 2440 for disability exclusion. You must be permanent [sic] and totally disabled to qualify for the exclusion. The bottom part of the 2440 must be completed by your physician.

It is petitioner's position that, since he was retired because of physical disability to perform the duties of his rank, he should be entitled to the disability income exclusion. He further argues that, since he had been allowed a sick pay exclusion of $100 per week for all years prior to 1977 following his retirement in 1970, he should be allowed this same exclusion in 1977.[3]

It is respondent's position that section 105(d), as applicable to years beginning after December 31, 1976, allows an exclusion at a rate not to exceed $100 a week in the case of a person retired on disability only when the individual claiming the exclusion was permanently and totally disabled when he retired.[4] Section

_____

[3]10 U.S.C. sec. 1201, insofar as here pertinent, provides:

Sec. 1201. Regulars and members on active duty for more than 30 days: retirement

Upon a determination by the Secretary concerned that a member of a regular component of the armed forces entitled to basic pay, or any other member of the armed forces entitled to basic pay who has been called or ordered to active duty (other than for training under section 270(b) of this title [10 USCS sec. 270(b)]) for a period of more than 30 days, is unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay, the Secretary may retire the member, with retired pay computed under section 1401 of this title [10 USCS sec. 1401], if the Secretary also determines that—

(1) based upon accepted medical principles, the disability is of a permanent nature;

(2) the disability is not the result of the member's intentional misconduct or willful neglect, and was not incurred during a period of unauthorized absence; and

(3) either—

(A) the member has at least 20 years of service computed under section 1208 of this title [10 USCS sec. 1208]; or

(B) the disability is at least 30 percent under the standard schedule of rating disabilities in use by the Veterans' Administration at the time of the determination * * *

[4]Sec. 105(d) provides, insofar as here pertinent, as follows:

(d) CERTAIN DISABILITY PAYMENTS.—

(1) IN GENERAL.—In the case of a taxpayer who—

(A) has not attained age 65 before the close of the taxable year, and

(B) retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability.

(2) LIMITATION.—This subsection shall not apply to the extent that the amounts referred to in paragraph (1) exceed a weekly rate of $100.

(3) PHASEOUT OVER $15,000.—If the adjusted gross income of the taxpayer for the taxable

105(d), prior to its amendment by Pub. L. 94–455, 90 Stat. 1520, section 505(a), provided as follows:

(d) WAGE CONTINUATION PLANS.—Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. * * *

As originally enacted, the amendment to section 105(d), providing for the disability payment exclusion only for a person permanently or totally disabled when retired, was effective for taxable years beginning after December 31, 1975. However, under the provisions of Pub. L. 95–30, 91 Stat. 126, section 301(a), the effective date for applicability of the section was delayed until taxable years beginning after December 31, 1976.

The report of the Senate Finance Committee on Pub. L. 95–30, S. Rept. 95–66 (1977), 1977–1 C.B. 469, 494–495, in explaining the change in the effective date stated as follows:

*Reasons for change*

Although the Tax Reform Act of 1976 did not become law until October 4, 1976, the revisions in the sick pay exclusion were made applicable back to January 1, 1976. Even though the House version of the tax reform bill, which passed on December 4, 1975, changed the sick pay provision prospectively (by applying the revisions to taxable years beginning after December 31, 1975), most of the taxpayers affected by the change were not aware of it. Consequently, many taxpayers were surprised to learn, at the end of 1976 or early in 1977, that the sick pay exclusion was not available for 1976. For many of these taxpayers this change meant a large and unexpected final tax payment with their 1976 returns. For many taxpayers retired on disability pensions, such a large unanticipated cash payment represented a serious hardship. The committee believes that individual taxpayers should be given more advance warning when a change of this magnitude is made.

---

year (determined without regard to this subsection) exceeds $15,000, the amount which but for this paragraph would be excluded under this subsection for the taxable year shall be reduced by an amount equal to the excess of the adjusted gross income (as so determined) over $15,000.

\* \* \* \* \* \* \*

(5) PERMANENT AND TOTAL DISABILITY DEFINED.—For purposes of this subsection, an individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof in such form and manner, and at such times, as the Secretary may require.

*Explanation of provision*

The bill generally changes the effective date of the sick pay exclusion made by the Tax Reform Act of 1976 from taxable years beginning after December 31, 1975, to taxable years beginning after December 31, 1976.

It is clear, not only from the provisions of section 105(d) but also from the committee report changing the effective date of the provision from taxable years beginning after December 31, 1975, to taxable years beginning after December 31, 1976, that it was the intent of section 105(d) to permit an exclusion of $100 per week only to those individuals retired for disability who were totally and permanently disabled when retired.

Section 505(c) of Pub. L. 94–455 provided for a transitional rule which brought a person who had retired prior to January 1, 1976 (changed by sec. 301(b) of Pub. L. 95–30 to Jan. 1, 1977), within the provisions of section 105(d) as amended by Pub. L. 94–455 if he were totally or permanently disabled on January 1, 1976. In explaining this provision, S. Rept. 94–938 (1976), 1976–3 C.B. (Vol. 3) 57, 175–176, stated:

> The committee amendment also provides a transitional rule allowing persons who, before January 1, 1976, retire on disability or who were entitled to retire on disability, and on January 1, 1976, were permanently and totally disabled (though they may not have been permanently and totally disabled on their retirement date) to claim a disability income exclusion if they otherwise qualify.

This provision further shows the intent of Congress that section 105(d) as amended by Pub. L. 95–455 was to be applicable to all persons for taxable years beginning after December 31, 1976, regardless of when the person retired.

The law is so clear that section 105(d) as amended by the Tax Reform Act of 1976 replaced the prior section 105(d) for years beginning after December 31, 1976, that no further explanation appears to be needed. However, in section 1.105–8(b), Income Tax Regs., as proposed on July 9, 1980 (but not yet adopted), the following appears:

> (b) *In general.* The disability income exclusion of section 105(d) is a limited exclusion from gross income of certain disability retirement payments. In general, the disability income exclusion permits employees who retired on disability and meet certain requirements as to permanent and total disability, age, etc. to exclude limited amounts of disability retirement payments from gross income. This exclusion applies in taxable years beginning after December 31, 1976. It replaces the less restrictive sick pay exclusion, which applied in earlier taxable years. * * *

The law under which petitioner had been claiming a disability pay or sick pay exclusion since his retirement in 1970 was amended by the Tax Reform Act of 1976, and the new section 105(d) allowed such an exclusion only to individuals who were totally or permanently disabled when they retired or as of January 1, 1976. Since petitioner was not totally and permanently disabled when he retired from the Air Force or on January 1, 1976, he is not entitled to the claimed sick pay exclusion for the calendar year 1977.

Having decided that petitioner is not entitled to claim the exclusion provided for by section 105(d) as applicable to the calendar year 1977, we do not reach respondent's alternative argument that the limitations provided for in section 105(d)(3), with respect to taxpayers with adjusted gross income in excess of $15,000, would prevent petitioner from claiming the $100 weekly exclusion because of the amount of his adjusted gross income.

*Decision will be entered for the respondent.*