WILLIAM F. BOYD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boyd v. Commissioner
Docket No. 24418-81.
United States Tax Court
T.C. Memo 1983-108; 1983 Tax Ct. Memo LEXIS 675; 45 T.C.M. (CCH) 805; T.C.M. (RIA) 83108; February 23, 1983. William F. Boyd, pro se. Gregg Weiss, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Lee M. Galloway pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Respondent determined a deficiency of $876 in petitioner's 1977 Federal income tax. The issue for decision is whether petitioner is entitled to a disability income tax exclusion for the calendar year 1977 under the provisions of section 105(d) as applicable *677 to years beginning after December 31, 1976. FINDINGS OF FACT This case was submitted by the parties on a full stipulation of facts pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference and are adopted as our findings. The pertinent facts are summarized below: Petitioner resided at West Islip, New York, at the time of filing his petition to the Court. On his income tax return filed for the taxable year, petitioner excluded $3,506 of disability income which he had received in 1977. Petitioner was a patrolman for the New York City Police Department until 1965 when he retired on permanent disability. For the taxable year 1977, petitioner was employed, on a full-time basis and at a rate of pay above the minimum wage, as an investigator for the Hertz Corporation. Petitioner had been so employed by the Hertz Corporation from August 1965 to January 1981. Petitioner filed a separate income tax return for the taxable year 1977 despite the fact that he was married and lived with his wife in the same household during that year. Petitioner did not file a Physician's Statement *678 of Permanent and Total Disability (Form 2440 Disability Income Exclusion) with his income tax return for the taxable year 1977 or with any income tax return for prior years. In his 1977 income tax return, petitioner claimed itemized deductions for medical expense in the amount of $575. In his statutory notice of deficiency herein for the year 1977, respondent determined that the $3,506 disability income received by petitioner was reportable as ordinary income. As a result of this adjustment, respondent decreased the allowable amount of petitioner's medical expense deduction from $575 as claimed in the return, to $435. OPINION Petitioner appears to argue that the disability payments received by him in 1977 are excludable from his income in that taxable year because they were excludable under the law in prior years. Petitioner's position herein has no merit, either as a matter of fact or as a matter of law. The law under which petitioner had been claiming a disability pay or sick pay exclusion since his retirement in 1965, i.e., section 105(d) Wage Continuation Plans, was amended in the Tax Reform Act of 1976 with the enactment of new section 105(d) Certain Disability *679 Payments. Pub. L. 94-455, sec. 505(a), 90 Stat. 1566, and effective for taxable years beginning after December 31, 1976, Pub. L. 95-30, sec. 301(a), 91 Stat. 151. It provided in relevant part: (d) CERTAIN DISABILITY PAYMENTS-- (1) IN GENERAL.--In the case of a taxpayer who-- (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability. (2) LIMITATION.--This subsection shall not apply to the extent that the amounts referred to in paragraph (1) exceed a weekly rate of $100. (4) MARRIED COUPLE MUST FILE JOINT RETURN.--Except in the case of a husband and wife who live apart at all times during the taxable year, if the taxpayer is married at the close of the taxable year, the exclusion provided by this subsection shall be allowed only if the taxpayer and his spouse file a joint return for the taxable year. For purposes of this subsection, marital status *680 shall be determined under section 143. (5) PERMANENT AND TOTAL DISABILITY DEFINED.--For purposes of this subsection, an individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof is such form and manner, and at such times, as the Secretary may require. Accordingly, the new law provides for a limited exclusion of disability payments but restricts its application to individuals retired on disability who meet certain requirements as to permanent and total disability, age, etc. The stipulated facts herein, upon which our findings our based, show conclusively that petitioner was employed on a full-time basis and at a rate of pay above the minimum wage, as an investigator for the Hertz Corporation. Petitioner had been so employed by the Hertz Corporation from August 1965 to January 1981. It is thus *681 clear that petitioner was not "permanently and totally disabled" within the meaning of section 105(d)(5) [now (d) (4)]. [3] It is further stipulated, and we have found, that petitioner did not file a joint return with his spouse for the taxable year in issue as required by section 105(d)(4) [now (d)(5)] [3] for the allowance of the exclusion. Lastly, petitioner has not satisfied the requirements of section 105(d)(5) [as noted now (d) (4)] [3] since he did not attach to his return, Disability Income Exclusion Form 2440, which includes a certificate from a qualified physician attesting to petitioner's permanent and total disability. *682 Accordingly, petitioner is not entitled to exclude the $3,506 in disability payments from income in 1977 under section 105(d). See Pearson v. Commissioner,76 T.C. 701 (1981), reviewing the background of the changes made to section 105(d) by the Tax Reform Act of 1976. See also Haar v. Commissioner,78 T.C. 864 (1982); Dauria v. Commissioner,T.C. Memo. 1982-458; Chapman v. Commissioner,T.C. Memo. 1982-415. The adjustment for claimed medical deductions is an automatic adjustment resulting from respondent's determination with respect to petitioner's receipt of disability income, and it is controlled by our holding above herein. Respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Section 105(d) was amended by the Revenue Act of 1978, Pub.L. 95-600, sec. 701(c)(1), 92 Stat. 2899, by striking out paragraphs (4) and (6), by redesignating paragraph (5) as paragraph (4) and paragraph (7) as paragraph (6), and by inserting after paragraph (4) the following new paragraph: (5) SPECIAL RULES FOR MARRIED COUPLES.-- (A) MARRIED COUPLE MUST FILE JOINT RETURN.--Except in the case of a husband and wife who live apart at all times during the taxable year, if the taxpayer is married at the close of the taxable year, the exclusion provided by this subsection shall be allowed only if the taxpayer and his spouse file a joint return for the taxable year. The amendments made by section 701(c)(1) are effective as if included in section 105(d) as such section was amended by section 505(a) of the Tax Reform Act of 1976.↩