ROBERT KEMPER SMITH, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 25830-81.
United States Tax Court
T.C. Memo 1984-553; 1984 Tax Ct. Memo LEXIS 115; 48 T.C.M. (CCH) 1420; T.C.M. (RIA) 84553; October 17, 1984. Robert Kemper Smith, Sr., pro se. Theodore Garelis, for the respondent. GOFFE MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's [1] Federal income tax for the taxable year 1978 in the amount of $831. The only issue for decision is whether petitioner has satisfied the requirementsfor exclusion of a portion of his disability income under section 105(d). [2]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein *117 by reference. Petitioner Robert Kemper Smith, Sr., a resident of El Cerrito, California, timely joined in the filing of a joint Federal income tax return for the taxable year 1978 with the Internal Revenue Service Center, Fresno, California. After 33 years of service with the Federal government, petitioner retired at the age of 54 on October 31, 1974, and began to receive disability pay from the Civil Service Retirement and Disability Fund. At the time of his retirement, he was a civilian employed as a supervisory computer operator, Operations Division, Data Processing Department, Naval Air Station, Alameda, California. Petitioner's disability prevented continuation of this work, but did not disable him from all types of employment. Petitioner was not permanently and totally disabled on October 31, 1974, the date of his retirement, or on January 1, 1976, or on January 1, 1977. During 1978, petitioner was employed part time as a chauffeur for Baker Mortuary in Oakland, California. Petitioner has not furnished respondent with a certificate of permanent and total disability. During the taxable year 1978 petitioner earned $12,919.76 in gross income from wages. On the *118 income tax return for the taxable year 1978 petitioner excluded from gross income $5,200 as a disability income exclusion. In his statutory notice of deficiency, the Commission disallowed the $5,200 exclusion because petitioner has "not established that [he was] permanently and totally disabled as of January 1, 1976 or January 1, 1977." [3]
OPINION The issue in this case is the availability of the disability income exclusion, under section 105(d), [4] where petitioner has failed to provide the appropriate evidence of permanent and total disability. Sec. 7.105-1(13), Temp. Income Tax Regs., 26 C.F.R. sec. 7.105-1(13) (1981). [5] Respondent contends that petitioner's failure to prove permanent and total disability on either January 1, 1976, or January 1, 1977, disqualifies him from the disability income exclusion provided by section 105(d), relying upon Chapman v. Commissioner,T.C. Memo. 1982-415, *119 and Pearson v. Commissioner,76 T.C. 701 (1981). *120 Petitioner contends in his petition that he is entitled to the test for exclusion that existed at the time of his retirement in 1974, on the basis of a "retirement contract between the United States of America and it's [sic] various agencies and [petitioner]." [6] When petitioner retired in 1974, section 105(d) contained no requirement of disability, with exclusion predicated solely upon the relationship of the income to the taxpayer's absence from work due to personal injuries or sickness. [7] The more restrictive requirement of permanent and total disability was added to section 105(d) by the Tax Reform Act of 1976, effective December 31, 1975. [8] Transitional rules were provided for those individuals who had retired on disability prior to January 1, 1976, which permitted a continuation of the exclusion, but only upon proof of permanent and total disability as of January 1, 1976. [9] Later amendments allowed the alternative of proving permanent and total disability as of January 1, 1977. [10] The Commissioner was expressly delegated the authority to determine the method by which taxpayers could prove disability. [11]
*121 Petitioner's claim that these changes do not apply to him has no merit. The law was expressly made applicable to individuals who, like petitioner, had retired on disability before 1977. [12]Pearson v. Commissioner,supra.In order to continue excluding a portion of his disability income, petitioner had several dates at which he could have proved himself to be permanently and totally disabled as now required. Petitioner bears the burden of disproving the presumed correctness of the statutory notice of deficiency. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Petitioner has failed to provide any such proof, either in the form of the physician's certificate mandated by the regulations, or by evidence submitted to this Court. Petitioner, therefore, fails to cross the preliminary threshold of qualification under section 105(d), and is not entitled to the exclusion under the terms of the statute.[13]
*122 Because of our holding that petitioner may not exclude any portion of his disability income, it is not necessary to reach respondent's argument that petitioner has engaged in substantial, gainful employment and is thus not permanently and totally disabled. Decision will be entered for the respondent.
Footnotes
1. The statutory notice of deficiency was also addressed to Virginia Smith who is not a party to this proceeding. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule References are to the Tax Court Rules of Practice and Procedure.↩
3. The Commissioner's disallowance of this exclusion of this amount from petitioner's gross income resulted in a corresponding reduction in petitioner's medical expense deduction and an increase in petitioner's residential energy credit.↩
4. The pertinent parts of sec. 105(d) provide: (d) Certain Disability Payments.-- (1) In General.--In the case of a taxpayer who-- (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability. (2) Limitation.--This subsection shall not apply to the extent that the amounts referred to in paragraph (1) exceed a weekly rate of $100. * * * (4) Permanent and Total Disability Defined.--For purposes of this subsection, an individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof in such form and manner, and at such times, as the Secretary may require. ↩
5. The pertinent parts of sec. 7.105-1(13), Temp. Income Tax Regs., 26 C.F.R. Sec. 7.105-1(13) (1981), provide: Q-13: What proof must a taxpayer furnish to establish the existence of permanent and total disability? A-13: If retired on disability before January 1, 1977: A certificate from a qualified physician attesting that-- (a) The taxpayer was permanently and totally disabled on January 1, 1976 or January 1, 1977; * * *↩
6. This is not a novel argument. See, e.g., Haye v. Commissioner,T.C. Memo. 1983-463↩. 7. Sec. 105(d), as amended by sec. 205(a), Revenue Act of 1964, Pub. L. 88-272, 78 Stat. 19, 38, at the time of petitioner's retirement in 1974, provided: (d) Wage Continuation Plans.--Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent such amounts exceed a weekly rate of $100. * * * ↩
8. Sec. 505(a), Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1566. ↩
9. Sec. 505(c), Tax Reform Act of 1976, supra at 1567-1568. See Pearson v. Commissioner,76 T.C. 701, 704-705↩ (1981), for historical discussion of changes made to sec. 105(d) in 1976 and thereafter.
10. Sec. 301(b), Tax Reduction and Simplification Act of 1977, Pub. L. 95-30, 91 Stat. 126, 151. ↩
11. Sec. 105(d)(4).↩
12. Haar v. Commissioner,78 T.C. 864 (1982), affd. 709 F.2d 1206 (8th Cir. 1983); Haye v. Commissioner,T.C. Memo. 1983-463; DeBiasi v. Commissioner,T.C. Memo. 1983-161; Chapman v. Commissioner,T.C. Memo. 1982-415. Accord, Schulz v. Commissioner,T.C. Memo. 1983-596; Boyd v. Commissioner,↩ 1983-108. 13. Sec. 105(d) was struck from the Internal Revenue Code by sec. 122(b), Social Security Act Amendments of 1983, Pub. L. 98-21, 97 Stat. 65, 87, for taxable years beginning after December 31, 1983.↩