WARD WILLIAM FRENCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
French v. Commissioner
Docket No. 5517-88
United States Tax Court
T.C. Memo 1991-196; 1991 Tax Ct. Memo LEXIS 221; 61 T.C.M. (CCH) 2532; T.C.M. (RIA) 91196; May 2, 1991, Filed *221 Decision will be entered under Rule 155. Ward William French, pro se. Roger C. Wachter, for the respondent. PATE, Special Trial Judge. PATE
MEMORANDUM OPINION This case was assigned and heard pursuant to section 7443A(b)(3) and Rule 180 et seq. [1]
In a notice of deficiency mailed January 8, 1988, respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes. Year
Income Tax
§ 6651(a)(1)
§ 6653(a)
§ 6654
1979
$   934.00
$ 233.50
$ 46.70
$ 39.00
1980
$ 1,039.00
$ 259.75
$ 51.95
$ 66.19
The deficiencies resulted from respondent's determination that petitioner had gross income of $ 8,780 for 1979, and $ 9,325 for 1980. Included therein were certain items of interest income and petitioner's civil service annuity. The correct amounts of petitioner's interest income for 1979 *222 and 1980 have been stipulated by the parties and such stipulations are incorporated herein by this reference. In addition, at trial, the parties agreed that petitioner is entitled to a dependency deduction for his son in both years. After the parties' stipulations, the issues left for our decision are: (1) Whether the statute of limitations barred assessment of 1979 and 1980 income taxes at the time the notice of deficiency was mailed to petitioner, (2) if not, whether petitioner may exclude from his gross income the civil service annuity he received during 1979 and 1980, (3) if not, whether petitioner may exclude any part of his civil service annuity income because of contributions he made to his civil service retirement account while he was employed, and (4) whether petitioner is liable for the additions to tax shown on the notice of deficiency. Petitioner was a resident of Kenmare, North Dakota, at the time he filed his petition. He was born August 3, 1915, and, therefore, reached 65 years of age in 1980. Petitioner served in the armed forces during World War II. While in the service, he was injured in a parachute jump. As a result thereof, the Veterans Administration (hereinafter *223 VA) awarded him a VA pension based on a 10% disability; this was later increased to 20%. The parties agree that the amounts received by petitioner from his VA pension in 1979 and 1980 are not includable in his gross income, and, therefore, they are not at issue in this proceeding. Petitioner was employed by the United States Postal Service as a mail carrier from 1951 until 1966. During his employment, he contributed $ 4,077 to his civil service retirement account. In 1966, petitioner retired on account of a disability which allegedly is related to the injuries he sustained in the parachute jump. He has been collecting his civil service annuity ever since, receiving $ 5,853 and $ 6,609 during 1979 and 1980, respectively. Petitioner has not been employed or worked for remuneration since 1966. Petitioner did not file Federal income tax returns for the years in issue. He claims that he was not required to file returns because his civil service annuity is excludable from his gross income and, therefore, he did not have sufficient gross income in either year to require a return. He also claims that the notice of deficiency covering the years in issue was sent to him after the statute *224 of limitations barred assessment for 1979 and 1980. Respondent maintains that the statute of limitations did not bar assessment at the time the notice of deficiency was sent because petitioner never filed returns for those years. Moreover, he maintains that petitioner's civil service annuity is includable in gross income because (1) petitioner did not show that he was permanently and totally disabled as required by the Statute and Regulations, (2) even if he had done so, the civil service annuity is includable in his gross income in 1980 because petitioner reached 65 years of age in that year, and (3) petitioner is not entitled to exclude, in either year, any amount based on his contributions to his civil service retirement account. Statute of Limitations
We first address petitioner's contention that the statute of limitations barred assessment of his 1979 and 1980 income taxes because respondent sent him the notice of deficiency on a date later than three years from the date his returns were due to be filed. In general, section 6501(a) imposes a three year limitation on the assessment of income tax, beginning with the date the return was filed. However, when no return *225 is filed, the statute never begins to run. Sec. 6501(c)(3). See Walden v. Commissioner, 90 T.C. 947, 951 (1988); Richardson v. Commissioner, 72 T.C. 818, 823-824 (1979). Therefore, we find that assessment for those years was not barred on January 8, 1988 (the date the notice of deficiency was mailed), because petitioner never filed either a 1979 or 1980 Federal income tax return. Exclusions from gross income
In addition, petitioner claims that his civil service annuity should not be included in his gross income because he was permanently and totally disabled during the years in issue. Although it is not entirely clear from this record, it appears that petitioner bases this claim either under the provisions of section 104 (because his initial injury was sustained in the armed forces) or under section 105 (because petitioner claims that he was totally and permanently disabled during the years in issue). Consequently, we will consider his arguments under both statutes. During the years in issue, section 104(a)(4) provided that gross income does not include "amounts received as a pension, annuity, or similar allowance for personal *226 injuries or sickness resulting from active service in the armed forces." In interpreting that language, we held that payments from the Civil Service Retirement and Disability Fund cannot be excluded from income under section 104(a)(4) because such payments are not made because of an injury or illness incurred while serving in the military but, rather, because the taxpayer is unable to perform the work of his civilian job. Haar v. Commissioner, 78 T.C. 864 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983); Grady v. Commissioner, T.C. Memo 1989-55. The payments received by petitioner from the VA are not at issue in this case; we must only decide whether any portion of petitioner's civil service annuity is excludable. Petitioner received his civil service annuity because he could not perform his duties as a mail carrier for the United States Postal Service. Therefore, for the reasons stated in Haar, we find that petitioner may not exclude such income under section 104(a)(4). Next, we consider whether petitioner is entitled to exclude his civil service annuity under section 105. That section, as amended by the Tax *227 Reform Act of 1976, Pub. L. 94-455, sec. 505(a), 90 Stat. 1520, 1566, and effective for taxable years beginning after December 31, 1976, Pub. L. 95-30, sec. 301(a), 91 Stat. 126, 151, provides in relevant part: (a) AMOUNT ATTRIBUTABLE TO EMPLOYER CONTRIBUTIONS. -- Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includable in the gross income of the employee, or (2) are paid by the employer.
* * * (d) CERTAIN DISABILITY PAYMENTS. -- (1) IN GENERAL. -- In the case of a taxpayer who -- (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled,
gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability. (2) LIMITATION. -- This subsection shall not apply to the extent that the *228 amounts referred to in paragraph (1) exceed a weekly rate of $ 100. * * * (4) PERMANENT AND TOTAL DISABILITY DEFINED. -- For purposes of this subsection, an individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less that 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof in such form and manner, and at such times, as the Secretary may require.
For a legislative history of these provisions, see Pearson v. Commissioner, 76 T.C. 701, 703-705 (1981). Respondent maintains that petitioner may not exclude his civil service annuity under section 105 because he has not shown that his disability was "permanent" and "total." Respondent points out that, in civil service determinations, the pensioner must be disabled only to the extent that he is unable to carry out "useful and efficient service in the grade or class of position last occupied" *229 by him "because of disease or injury." 5 U.S.C. sec. 8331(6) (1988). He argues that in view of this statute a civil service disability determination by itself would not necessarily be sufficient proof of permanent and total disability. We agree that a civil service determination that a taxpayer is disabled does not, per se, prove that the taxpayer is totally and permanently disabled under section 105(d). See DePaolis v. Commissioner, 69 T.C. 283, 290 (1977). It is, however, a factor in our determination. Section 105(d)(4) requires petitioner to meet three criteria to be considered totally and permanently disabled; he must (1) be unable to engage in any substantial gainful activity, (2) due to a physical or mental impairment, (3) which can be expected to result in death or disability for a continuous 12 month period. Respondent maintains that petitioner has not shown that he fulfills all of these criteria. He bases this argument on petitioner's alleged failure to present evidence as set forth by section 1.105-9, Proposed Income Tax Regulations, and sections 7.105-1, Q & A 13, and 7.105-2, Temporary Income Tax Regulations.
However, we note that sections 7.105-1 *230 and 7.105-2 of the Temporary Income Tax Regulations were promulgated on December 22, 1976. When section 1.105-9 of the Proposed Income Tax Regulations was issued, it stated that the temporary regulations were deleted. 45 Fed. Reg. 46082, 46090 (July 9, 1980). Section 1.105-9 of the Proposed Income Tax Regulations was withdrawn as of January 23, 1987, by notice published on January 26, 1987, in the Federal Register. 52 Fed. Reg. 2724-2725. Further, the exclusion of disability income at issue in this case was eliminated from the statute for taxable years beginning after 1983. [2] In any event, the language of the statute is controlling and we base the following analysis on such language. To fulfill the first prong of the statutory test, petitioner must show that he must be unable to engage in any substantial gainful activity. To evaluate petitioner's ability to engage in substantial *231 gainful activity, we must examine his past employment, both full or part time. In this regard, we have found that petitioner had been retired from the Postal Service for almost 13 years at the beginning of the period in issue (1979) and for over 23 years at the time of trial. During all of that time he has never been employed for remuneration. On the record, petitioner has shown that he was unable to participate in any "substantial gainful activity." With regard to the second prong of the test, respondent argues that petitioner has not shown that he could not work due to a physical or mental impairment because he did not submit adequate medical evidence. To show that he had a physical and mental impairment, petitioner produced various medical records. Although those records do not relate specifically to the years in issue, we view them in the context of petitioner's 13 years of unemployment prior to the years in issue. Petitioner had limited resources during these years and had a limited income. He had every motivation to work if he could. Yet, he did not. The facts convince us that he did not work because of his poor health. That petitioner meets the requirements of the *232 last prong of the test is undisputed. His disability has lasted since 1966, certainly a period of more than one year. Because petitioner has shown that he meets all prongs of the test, we find that he was permanently and totally disabled as contemplated by the statute. Nevertheless, during the years in issue, section 105(d) limited the amount subject to the exclusion to $ 100 per week. Sec. 105(d)(2). Therefore, petitioner may exclude only $ 5,200 of his civil service annuity from his gross income in 1979. Moreover, with regard to 1980, section 105(d) specifically limited the exclusion to taxpayers who have "not attained age 65 before the close of the taxable year." Sec. 105(d)(1)(A). Because petitioner reached the age of 65 during 1980, it follows that he is not entitled to exclude any of his civil service annuity income during that year. Having found that section 105(d) allows petitioner to exclude only a portion of his civil service pension from his gross income for 1979, and none of his civil service pension for 1980, we must now decide how much, if any, of petitioner's contributions to his civil service retirement pension may be excluded under section 72(d). Petitioner *233 contributed $ 4,077 to his civil service retirement while working for the United States Postal Service. In Brownholtz v. Commissioner, 71 T.C. 332 (1978), we considered a case on almost identical facts. The taxpayer in that case had retired on disability from the U.S. Public Health Service in 1972 at age 57. In 1973, the taxpayer excluded the first $ 5,200 he received under section 105(d) as "sick pay" and the balance of $ 13,601 under 72(d) as a partial recovery of his contributions to the retirement system. We held that, when wages are excludable under section 105(d) as "wages or payments in lieu of wages for a period during which the employee is absent from work on account of * * * sickness," it would be inconsistent to also allow an exclusion under section 72(d) "which is constructed primarily on the assumption that the payments involved are being received under a retirement pension system or other plan providing post-employment benefits, and not as wages or in lieu of wages." Brownholtz v. Commissioner, supra at 339. This result was adopted by Congress when it passed section 505(d) of the Tax Reform Act of 1976, 90 Stat. 1568, *234 as amended by the Tax Reduction and Simplification Act of 1977, section 301(b), 91 Stat. 151, section 105(d)(6), which provides: In the case of an individual described in subparagraphs (A) and (B) of paragraph (1), for purposes of section 72 the annuity starting date shall not be deemed to occur before the beginning of the taxable year in which the taxpayer attains age 65, or before the beginning of an earlier taxable year for which the taxpayer makes an irrevocable election not to seek the benefits of this subsection for such year and all subsequent years.
With regard to 1979, petitioner received $ 5,853 from his civil service annuity, and we have found that he may exclude $ 100 per week or $ 5,200 of it under section 105(a). Accordingly, section 105(d)(6) precludes his deducting any of his employee contributions for 1979. With regard to 1980, however, petitioner may offset his basis against his civil service annuity income because he reached 65 in that year. The regulations under section 72 provide that no amount received as a disability benefit under section 105 is subject to the provisions of section 72 until the taxpayer reaches the age of 65. Sec. 1.72-15, Income *235 Tax Regs. Thereafter, the benefits are includable under section 72. Because petitioner's benefits are includable in his income under section 72 during 1980, it follows that his employee contributions are deductible in that year. Sec. 72(d). Accordingly, we find that petitioner may deduct his employee contributions of $ 4,077 in its entirety during 1980. Additions to tax
In the notice of deficiency, respondent determined that petitioner is liable for a number of additions to tax, namely those under sections 6651(a)(1), 6653(a), and 6654. Since all of these additions to tax are based upon an underpayment of income tax and because our decision will completely eliminate petitioner's deficiency for 1979, it follows that he is not subject to the additions to tax for that year. With regard to 1980, however, we proceed to consider the facts and circumstances relevant to these additions to tax, but all of the following determinations will be based on the lower amount of the deficiency computed under this opinion. We first consider the addition to tax provided by section 6651(a)(1) which provides for an addition to tax if a taxpayer fails to file a timely income tax return unless *236 such failure is due to reasonable cause and not due to willful neglect. The taxpayer has the burden of proving that respondent's determination is erroneous. BJR Corp. v. Commissioner, 67 T.C. 111, 131 (1976); Rule 142(a). It is undisputed that petitioner failed to file income tax returns for both years. He claims he did not file those returns because he believed that his entire civil service annuity was excludable from income and the amount of his interest income was not sufficient to require a return. The fact that petitioner honestly believed that he did not have to file a return is not reasonable cause for failure to file. Manning v. Commissioner, T.C. Memo 1979-146. Accordingly, we find that petitioner is subject to the section 6651(a)(1) addition to tax for 1980. We next consider the applicability of the addition to tax pursuant to section 6653(a). This addition to tax applies where any part of a tax deficiency is due to negligence. Negligence, for this purpose, is the failure to use due care or to do what a reasonable and prudent person would have done under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). *237 Respondent's determination is presumptively correct and the burden is on petitioner to prove he was not negligent. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioner was unaware that his civil service annuity was not excludable from his 1980 gross income. However, he did not offer any reason for his lack of knowledge, he simply did not let us know of what actions, if any, he took to ascertain his correct tax liability. Because the burden of proof is on petitioner to show that he was not negligent, and petitioner failed to carry that burden, we find that he is liable to the addition to tax for negligence for 1980. The final issue we must decide is the applicability of the addition to tax under section 6654. That section provides for an addition to tax if the taxpayer underpays his estimated tax. The addition to tax as to the year at issue is mandatory unless petitioner can demonstrate that he comes within one of the computational exceptions of section 6654(d). Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner has failed to show that he falls *238 within one of the exceptions of section 6654(d) as they applied in 1980. [3] Accordingly, we find that, for 1980, he is subject to the addition to tax under section 6654. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 105(d)(4)↩ was repealed on April 20, 1983 by Pub. L. 98-21, sec. 122(b), 97 Stat. 6587.
3. Section 6654(f)(1) (added to the Code on August 13, 1981) eliminated the section 6654 addition to tax for amounts under $ 100, effective for taxable years beginning after December 3, 1980. The Code was later amended so that section 6654 did not apply for taxable years beginning after 1982 where the taxpayer had no tax liability for the preceding taxable year, if such taxable year consisted of 12 months and the taxpayer was a resident or citizen for the entire year. Sec. 6654(e)(2) (formerly (h)) was added by section 328(a)(1) of the Tax Equity and Fiscal Responsibility Act of 1982. Pub. L. 97-248, 96 Stat. 324. Tucker v. United States, 8 Cl. Ct. 575↩ (1985). However, neither of these provisions aids petitioner for 1980.